UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR CAMARGO JUAREZ, | Case No. 3:21-cv-00525-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| WALMART, INC.*,* | |
| Defendant. | |

*Pro se* Plaintiff Victor Camargo Juarez filed the Complaint in this action on December 30, 2021. (ECF No. 1-1.) However, a year and a half later, Plaintiff has failed to properly serve the sole Defendant in this case, Walmart, Inc., and has failed to comply with the Court's prior orders directing Plaintiff to submit a revised USM-285 form or complete service on an appropriate Walmart agent. (ECF Nos. 17, 18.) For these reasons, and the reasons discussed below, the Court will dismiss this action without prejudice.

Plaintiff was allowed to proceed *in forma pauperis* and initially submitted an USM-285 form that listed "Walmart" on Kietzke Lane as the entity for service. (ECF Nos. 3, 9.) The general manager of the Walmart store was served by the U.S. Marshal on January 24, 2022. (ECF No. 9.) However, Nevada does not allow for service on general or mid-level management and requires service on "the president, board chairman, and other 'superior officers'" of the corporation. *See Mich. Geosearch, Inc. v. Prosperity Bancshares, Inc.*, 130 Nev. 1217 (2014); *see also Saavedra-Sandoval v. Wal-Mart Stores*, 245 P.3d 1198, 1201 (Nev. 2010). Although Fed. R. Civ. P. 4(h) permits service on a corporation by delivering a copy of the summons and complaint to an officer and managing or general agent of the corporation, federal courts "view managing agents and/or general managers as employees who have some substantial authority within a

corporation"—a general store manager lacks this substantial management authority and does not suffice for service. *See Schmalle v. Prudhomme*, Case No. 18-cv-02469 W (MDD), 2019 WL 3997333, at * 3 (S.D. Cal. Aug. 23, 2019) (citing *Garabedian v. Griffin Steel & Supply Co*., 340 F.2d 478, 479 (9th Cir. 1965); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004); *Aussieker v. M&S Green-Power Energy, Inc*., Case No. 2:18-cv-03234-JAM-AC, 2019 WL 2183783, at *3 (E.D. Cal. May 21, 2019)).

Since service was insufficient, the Court issued a minute order on April 10, 2023, directing Plaintiff to submit a revised USM-285 service form that identified the proper party for service by May 10, 2023.[1] (ECF No. 17.) The Court also pointed Plaintiff to the Nevada Secretary of State's website to find Walmart's registered agent in Nevada and the Clerk of Court sent Plaintiff another USM-285 form. (*Id*.) When Plaintiff failed to submit a revised form by that deadline, the Court issued another minute order on May 12, 2023, cautioning Plaintiff to submit the revised USM-285 form or complete service on an appropriate Walmart agent by May 29, 2023, or face dismissal of his case for insufficient service. (ECF No. 18.) *See* Fed. R. Civ. P. 4(m); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). To date, no proof of service or revised USM-285 form has been filed.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A*., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in the

---

[1]The Court previously set aside the Clerk's entry of default as to Walmart, Inc., which was entered in error, because service was insufficient in this case. (ECF Nos. 16, 17.)

1    expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk

2    of prejudice to Defendant; (4) the public policy favoring disposition of cases on their

3    merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine*

4    *Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

5           The first two factors, the public's interest in expeditiously resolving this litigation

6    and the Court's interest in managing its docket, weigh in favor of dismissal. The third

7    factor, risk of prejudice to Defendant, also weighs in favor of dismissal because a

8    presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

9    ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522,

10   524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on

11   their merits—is greatly outweighed by the factors favoring dismissal.

12          The fifth factor requires the Court to consider whether less drastic alternatives can

13   be used to correct the party's failure that brought about the Court's need to consider

14   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

15   that considering less drastic alternatives *before* the party has disobeyed a court order

16   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

17   Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally

18   dismissing a case, but must explore possible and meaningful alternatives." *Henderson*,

19   779 F.2d at 1424. Because this action cannot realistically proceed until and unless

20   Plaintiff properly serves the sole Defendant in this case, the only alternative is to enter a

21   third order setting another deadline for service. But the reality of repeating ignored orders

22   is that it often only delays the inevitable and squanders the Court's finite resources. The

23   circumstances here do not indicate that this case will be an exception because there is

24   no showing that Plaintiff needs additional time or evidence that he did not receive the

25   Court's prior orders. Setting a third deadline is not a meaningful alternative in these

26   circumstances. Thus, the fifth factor also favors dismissal.

27          Having thoroughly considered these dismissal factors, the Court finds that they

28   weigh in favor of dismissal.

1    It is therefore ordered that this action is dismissed without prejudice based on

2 Plaintiff's failure to properly serve Defendant Walmart, Inc., in compliance with the Court's

3 April 10, 2023, and May 12, 2023, orders.

4    The Clerk of Court is directed to enter judgment accordingly and close this case.

5 No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his

6 claims, he must file a complaint in a new case.

7    DATED THIS 2nd Day of June 2023.

8

9 _____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28